YATES, Judge.
The City of Auburn, Alabama, and three former City employees filed a declaratory judgment action against the Retirement System of Alabama to determine if an employee of the City of Auburn is entitled, under the laws of Alabama, to use, in calculating retirement benefits, sums paid, in anticipation of retirement, for accrued sick leave and annual leave. Specifically, the City sought a determination that deductions could be withheld *481 from this money for retirement purposes. The City’s position was that sums paid by the City to certain employees upon retirement for unused annual and sick leave constituted “earnable compensation” for the purposes of determining contributions to the Retirement System and calculating retirement benefits paid by the Retirement System. William Mitchell, a former City employee who had received such payments, intervened as a plaintiff. Two former City employees, Kenneth Fortner and James A. Weldon, who had not received such payments, but who wanted the enhanced retirement benefits, also intervened as plaintiffs.
At trial, the parties submitted the case upon a stipulation of facts and orally argued their respective legal contentions. The trial court entered a judgment in favor of the Retirement System, ruling that payments for accumulated annual or sick leave made in contemplation of retirement do not constitute “earnable compensation” under Ala.Code 1975, § 36-27-1. It further found that the City had improperly deducted and submitted retirement contributions on such payments.
The employees of the City were members of the Retirement System, pursuant to Ala. Code 1975, § 36-27-10. The City offered retiring employees the option of being paid for, rather than using, accrued sick and annual leave during their last year of employment. If an employee chose to be paid for his or her accrued time, that amount was included as “earned income” on the employee’s W-2 form, and a contribution on the amount was paid to the Retirement System by both the City and the employee. The City contends that that practice was proper. The Retirement System argues that retirement contributions should be withheld only from the employee’s regular rate of pay.
This court must determine whether the payments to retiring employees for unused sick and annual leave are included within the meaning of “earnable compensation” under Ala.Code 1975, § 36-27-1(14).
The City joined the Retirement System in October 1966. From then until trial, 21 employees had retired; 13 employees were given lump-sum payments at retirement for accrued annual and sick leave, without retirement contributions being withheld; 8 employees were paid for accrued sick and annual leave in the year prior to retirement, with retirement contributions being withheld.
Correspondence between the City and the Retirement System revealed that on at least five occasions between October 1986 and April 1990, the Retirement System notified the City that retirement contributions should not be withheld from payments made for accrued leave time; however, the City continued this practice.
The statutory provisions governing the Retirement System do not allow for contributions on extraordinary payments. Ala.Code 1975, § 36 — 27—24(b), provides that “[E]ach employer shall cause to be deducted from the salary of each member on each and every payroll of such employer for each and every payroll period five percent of his earnable compensation” (emphasis added). “Earna-ble compensation” is defined, as “The full rate of compensation that would be payable to an employee if he worked the full normal work-time.” Ala.Code 1975, § 36-27-1(14). We note that this is the first case calling for an interpretation of this statute.
While the term “earnable compensation” has not been addressed in the case law in this state, we note that other states have interpreted that term and have taken actuarial approaches. One approach has been to hold that ad hoc payments at retirement jeopardize the soundness of the retirement fund because no past contributions on those increases were made. Boston Ass’n of School Administrators & Supervisors v. Boston Retirement Bd., 383 Mass. 336, 419 N.E.2d 277 (1981); Board of Trustees v. La Tronica, 81 N.J.Super. 461, 196 A.2d 7 (1963). Here, there was no service provided the City to justify the extra retirement payments.
The payments made for annual and sick leave were not earned for City service performed prior to retirement; therefore, we cannot conclude that the money was “earna-ble compensation” for purposes of calculating retirement pay. The payments for annual and sick leave were made in lieu of time off, and do not cover a specific payroll work *482 period. There is no manifestation of any legislative intendment that the base salary, for these purposes, would be affected by payments for leave time. There is no support for the argument that these payments, made at the request of the retiring employee, should be included as annual salary or compensation “earnable” under the Code.
Having thoroughly studied the Code section defining “earnable compensation” for Retirement System purposes, and having considered what we think is its obvious in-tendment, we conclude that annual and sick leave payments may not be included in determining retirement benefits. The trial court’s judgment is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.